Benjamin Anderton
vs. } Eq. No. 4053
Minnie Newman Anderton individually and as executrix of the Will of George A. Anderton

DECISION

October 10, 1917

BROWN, J. The bill alleges that the complainant loaned $2,000 to Daniel and Mary Braney in January 1907, and took to secure payment of the same a mortgage on 8 lots of land in Central Falls in this state, in the name of George A. Anderton; that subsequently, either by voluntary conveyance or foreclosure proceedings, had at the request of the complainant, the loan not being paid, title to these lots was vested in George A. Anderton by consent of the complainant, in payment of the amount loaned as above mentioned; that the complainant kept in his possession the several deeds of conveyance, paid taxes on the land from the time of conveyance, and collected the interest on the amount loaned from the mortgage; that in October, 1916, at the request of the complainant, George A. Anderton and the respondent Minnie Newman Anderton promised to deliver to him a deed of the above lots, but that said George A. Anderton died in January, 1917, not having done so, and the said respondent, Minnie Newman Anderston, as widow and executrix of a will of said George A. Anderton, by the provision thereof now claims these lots as her own.

The bill seeks to have a resulting trust declared in favor of the complainant as against said Minnie Newman Anderton.

The respondent has demurred on various grounds, suggesting among others that she is declared against both as executrix and individually, and that this is improper joinder. It happens in this case that the executrix and devisee under the will of George A. Anderton are one and the same person. In the case of Woonsocket Inst. for Savings vs. Ballou et al (R. I.) 13 Atl. R. 401, the Supreme Court held that in a bill brought against a residuary legatees and devisees of a decedent in possession of the property seeking to change real estate of decedent with a trust, the administrator is a proper party. The ground of misjoinder is not well taken.

As to the other grounds of demurrer, they are not well taken. The facts alleged in the bill, if clearly and sufficiently established by the evidence, are sufficient to establish a trust. The respondent insists that the transaction should be regarded as an advancement from father to son. In the first place there is no allegation in the bill from which it may be inferred that George A. Anderton is the son or even a relative of the complainant. Even if he is a son, the presumption of an advancement may, and will be overcome by proof of facts alleged in the bill.

The demurrer is overruled.

For complainant: J. E. Tobin.

For respondent: McGovern & Slattery.